UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN MICHAEL SCHWARTZ,

                       Plaintiff,                      **NOT FOR PUBLICATION**

   -against-

                                                           **MEMORANDUM & ORDER**
AMERICAN EXPRESS and THE SOCIAL           18-CV-3497 (PKC)(RLM)
SECURITY ADMINISTRATION,

                       Defendants.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

       On June 13, 2018, Plaintiff Steven Michael Schwartz, appearing *pro se*, filed this action against American Express and the Social Security Administration ("SSA"). The Court grants Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, solely for the purpose of this order. This action is dismissed, however, for lack of subject matter jurisdiction under Federal Rule 12(h)(3), and failure to state a claim under 28 U.S. § 1915(e)(2)(B), as set forth below.

## BACKGROUND

       Plaintiff alleges that he did not receive his monthly social security payment for three months while he was living in Portugal. (Complaint ("Compl."), Dkt. 1 at 1.) Plaintiff further alleges that despite advising the SSA that "he again was going to use the American Express Bank as his direct depositary and . . . furnish[ing] all the correct information in a timely fashion," he did not receive his monthly check for October 2017 through December 2017, until a "paper check" was eventually issued by SSA. (*Id.*) Plaintiff does not provide the date he received the paper check from the SSA. During that time, Plaintiff alleges that he was without funds and had to sleep at the Lisbon Airport, at "a McDonald's" in Lisbon and in a car, all of which caused him

1

to sustain injuries to his legs. (*Id.* at 2.) Plaintiff now resides in Brooklyn and seeks $5 million in damages from American Express and the SSA. (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing Plaintiff's Complaint, the Court is mindful that he is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Although the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson*, 551 U.S. 89; *accord, McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), to survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (citations and internal quotations and alterations omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. If the court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if a plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

### A. There is No Federal Question Jurisdiction

On the face of the Complaint, Plaintiff does not assert a basis for federal question jurisdiction. Plaintiff's claim that the SSA failed to directly deposit his social security payments to his account at the American Express Bank in Lisbon, Portugal does not implicate any federal laws that would provide a basis for federal question jurisdiction. Indeed, Plaintiff concedes that he eventually received the social security payments, even though it "took 3 weeks to be paid by a Portuguese bank." (Compl. at 1.)

### B. There is No Subject Matter Jurisdiction as to Plaintiff's Claim Against the SSA

Furthermore, any claim for damages against the SSA, a federal agency, would be foreclosed by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Adeleke v.*

*United States*, 355 F.3d 144, 150 (2d Cir. 2004); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (quoting *United States v. Mitchell*, 455 U.S. 535, 538 (1980)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citations omitted). Congress has authorized only a limited basis for judicial review of SSA determinations. *See* 42 U.S.C. § 405(g) ("Section 405(g)").[1] Section 405(g) is the only waiver of sovereign immunity in the Social Security Act and is the exclusive statutory authority for judicial review. *See* 42 U.S.C. § 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except as herein provided."); *see also Katsoulakis v. Astrue*, No. 10-CV-0081 (JFB), 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011) (collecting cases) (noting that although the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of SSA's final decisions made after a hearing, and confers subject matter jurisdiction to that extent, the Act does not provide "a private right of action for monetary relief."). Here, Plaintiff does not seek judicial review of a final decision of the Commissioner of Social Security made after a hearing to which he was a party. Therefore, Plaintiff's claim seeking damages from the SSA (or SSA officials) is barred by sovereign immunity, and this Court lacks subject matter jurisdiction under Rule 12(h)(3) to hear that claim.

---

[1] Pursuant to Section 405(g):

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added).

### C. The Complaint Fails to State a Claim as to American Express

As to American Express, Plaintiff appears to allege common law negligence. Although the Complaint appears to allege sufficient facts for diversity jurisdiction—namely, that Plaintiff resides in Brooklyn, New York while American Express maintains a place of business in Salt Lake City, Utah (*Id.* at 2, 5, 7), and that Plaintiff seeks damages of $5 million (Compl., at 2), *see* 28 U.S.C. 1332(a))—Plaintiff has failed to state a claim against American Express under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (complaint must allege sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Rather, Plaintiff's claims are largely related to the alleged failure to receive his social security payments for the three months that the SSA did not deposit into his American Express account, events that do not appear to be related to anything that American Express did or failed to do. Therefore, Plaintiff has not set forth any facts against American Express that would allow his claim to proceed against American Express. Thus, the Court dismisses Plaintiff's claim, *without prejudice,* against American Express, under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6), for insufficient pleadings and failure to state a claim upon which relief can be granted.

### CONCLUSION

The Complaint is dismissed, *without prejudice*, for lack of subject matter jurisdiction as to the SSA and for failure to state a claim as to American Express. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within thirty (30) days from the entry of this Memorandum and Order. All further proceedings shall be stayed for 30 days.

If Plaintiff elects to file an amended complaint, it shall be captioned "Amended Complaint" and bear the same docket number as this Order, 18-CV-3497 (PKC) (RLM). An amended

complaint shall replace the original complaint.  Plaintiff must provide facts to support a claim against each Defendant named in an amended complaint, including the date and location of the events at issue, a description of what each Defendant did or failed to do, and the relief requested.

If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered.  If submitted, an amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency of the pleadings under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).   The Clerk of Court is respectfully directed to send Plaintiff general complaint instructions with a form complaint.

SO ORDERED.

 */s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: June 25, 2018
       Brooklyn, New York